CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
12/18/2018
JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| FREEDOM WATCH, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RESPONSE UNLIMITED, INC., *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 5:17-cv-00104 <br><br> By: Elizabeth K. Dillon <br> United States District Judge |

**ORDER**

By order entered June 8, 2018, the court granted the motion to compel arbitration, directed the parties to "submit the matter to arbitration consistent with their agreement," and stayed the case until completion of the arbitration. (Dkt. No. 85.) The court's order also required the parties to "file a brief joint status report with this court six months after entry of this order, and every three months thereafter, advising the court as to the status of the arbitration proceedings." (*Id.*)

Now pending before the court is defendants' motion to dismiss, in which they assert (and provide documentation reflecting) that defense counsel has repeatedly asked the plaintiff to initiate the arbitration proceeding, that after three months of unsuccessful attempts defendants initiated the arbitration proceedings themselves and paid the intake fee, and that plaintiff has failed to respond to any inquiries from the arbitrator, the Institute for Christian Conciliation. As a result, the arbitration proceeding has not commenced. In light of this, defendants ask for a dismissal with prejudice of the plaintiff's lawsuit. (Dkt. No. 87.)

Plaintiff has filed a brief response, and does not deny the factual background set forth in defendants' motion. It appears, then, that plaintiff has made no effort to comply with the court's

prior order. Instead, plaintiff simply asserts that it "intends to comply with the court's order" but emphasizes that the order contained "no set deadline for initiating arbitration." (Dkt. No. 88 at 1.) Its response then goes on to describe various matters (presumably more pressing) that have required the attention of counsel and plaintiff's in-house counsel. Lastly, it advises that plaintiff will initiate arbitration within forty-five (45) days of its response. (*Id.* at 2.)

The court is disturbed by plaintiff's casual disregard for the court's order compelling arbitration. While the court's prior order did not include a specific deadline, it was certainly implied that the arbitration would be instituted within a reasonable amount of time. Indeed, the fact that the court requested a report as to the status of arbitration within six months suggests that the court believed that arbitration would be ongoing by that point; otherwise, there would be nothing to report.

To the extent there was any lack of clarity in its prior order, however, the court will make sure there is none going forward. First, the court hereby temporarily LIFTS THE STAY, simply for purposes of ruling on defendants' motion and issuing—and enforcing, if necessary—this order. Additionally, plaintiff is hereby ORDERED, ***not later than December 28, 2018***, (1) to initiate arbitration proceedings consistent with its agreement to arbitrate, to the extent necessary given defendants' initiation of arbitration proceedings; and (2) to respond fully and completely to the Institute for Christian Conciliation (ICC) regarding this matter, including taking all actions and completing all forms ICC has previously asked plaintiff—via emails or other contact with Mr. Moseley—to provide. Additionally, the court's prior order requiring that the parties file a brief joint status report with this court every three months going forward, remains in full force and effect.

2

Defendants' motion to dismiss (Dkt. No. 87) is DENIED WITHOUT PREJUDICE. In the event that plaintiff fails to comply with this order, defendants should promptly advise the court. If no filing is received from defendants on or before Friday, January 11, 2019, the stay of this action shall be automatically reimposed.

Plaintiff is advised that a failure to comply with this order may result in dismissal of this case for failure to prosecute, sanctions, and/or contempt proceedings.

Entered: December 18, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

3