IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION


FREEDOM WATCH, Inc.,

        Plaintiff

                                  Civil Action No: 5:17cv00104-EKD

    v.

RESPONSE UNLIMITED, INC., et al.
        Defendants


**MOTION OF PLAINTIFF FREEDOM WATCH, Inc.
FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

The Plaintiff, Freedom Watch, Inc., by counsel Jonathon A. Moseley, Esq., hereby

respectfully moves the Court by Federal Rules of Civil Procedure 41 to enter an order of

voluntary dismissal of this case of the Plaintiff against the above-entitled action against

Defendants without prejudice, and in support thereof state as follows:

        The Federal Rules of Civil Procedure govern dismissal of a cause of action

pending in the federal courts for trial.

        Rule 41. Dismissal of Actions

        (a) VOLUNTARY DISMISSAL

                * * *

        (2) *By Court Order; Effect.* Except as provided in <u>Rule
41(a)(1)</u>, an action may be dismissed at the plaintiff's request only
by court order, on terms that the court considers proper. If a
defendant has pleaded a counterclaim before being served with the
plaintiff's motion to dismiss, the action may be dismissed over the
defendant's objection only if the counterclaim can remain pending
for independent adjudication. Unless the order states otherwise, a
dismissal under this paragraph (2) is without prejudice.


This Court has ruled that it does not have jurisdiction over the disputes at issue in this case

as the matter must be arbitrated. The parties disputed whether an arbitration provision in a contract still applied while the Plaintiff claimed that the contract at issue had been cancelled. The Court ruled that the arbitration provision was still applicable. As a result, pursuant to that arbitration provision, the disputes in this case should not proceed before the Court but should proceed in private arbitration.

However, it is not necessary for the matter to remain open on the Court's docket while the matter is in arbitration. The Court's ruling was that the matter is not properly in this Court. Therefore, the Court should remove the case from the Court's active docket and dismiss the case with prejudice, and the parties will proceed in arbitration.

For proceeding in private arbitration, the Plaintiff has unfortunately proven to be very busy, being consumed with unanticipated legal cases that have arisen from important events, which each are unexpectedly more time-consuming than planned. In fact ironically, this circumstance is largely a result of the Plaintiff's complaint against the Defendants. As set forth in the Complaint, the funding raised by the Defendants for the Plaintiff's operation dropped in half despite major events and Plaintiff's actions in the news that should have increased the success of the Defendants' fund-raising efforts for the Plaintiff. This drastic drop in the Defendants' fund-raising results for the Plaintiff have deprived the Plaintiff of resources and manpower when needed most. While balancing the continuation of its on-going work, the Plaintiff is evaluating its demand for an accounting of fund-raising by the Defendants that were to finance its work.

Furthermore, at this point, the Plaintiff must determine if it wishes to proceed in that fashion, since the Plaintiff is informed that the Defendant Philip Zodiates, the owner of Response Unlimited, has finally reported to serve a prison term relating to a controversial, international

child custody dispute. Plaintiff will need to evaluate the viability of proceeding with arbitration including considering whether the Defendant company may become effectively judgment proof in Zodiates' absence, and will have to evaluate reports. The Plaintiff is also handling many other pressing cases, some unanticipated and very extensive. But Plaintiff is evaluating indications about what will happen to the company in Zodiates' absence.

WHEREFORE, the Plaintiff hereby moves the Court to enter an order of the voluntary dismissal of this cause without prejudice at the request of the Plaintiff.

**Dated**: December 28, 2018                Respectfully submitted,

                                 */s/ Jonathon Moseley*
                                 Jonathon A. Moseley, Esq., VSB #41058
                                 3823 Wagon Wheel Lane
                                 Woodbridge, Virginia 22192
                                 Telephone:  (703) 656-1230
                                 Facsimile: (703) 783-0449
                                 E-mail:  Contact@JonMoseley.com
                                 *Virginia Counsel for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the court's ECF system to all counsel of record or parties on December 28, 2018.

                                 Mr. C. Cory Mauro, Esq.
                                 MAURO LAW, P.A.
                                 1900 Glades Road, Suite 270
                                 Boca Raton, Florida 33431
                                 Telephone: (561) 202-1992
                                 Email:  Cory@maurolawfirm.com
                                 *Counsel for Defendants Pro Hac Vice*

                                 Mr. William E. Shmidheiser, III, Esq.
                                 LENHART PETTIT
                                 90 North Main Street, Suite 201
                                 Post Office Box 1287
                                 Harrisonburg, Virginia 22803

Telephone: 540-437-3100
Facsimile: 540-437-3101
Email:  wes@lplaw.com
*Virginia Counsel for Defendants*

                                        */s/ Jonathon Moseley*
                                        Jonathon Moseley, Esq.